**Terry L. HINES, Petitioner—Appellant,**

v.

**E.K. MCDANIEL, Respondent—
Appellee.**

No. 01–17264.

D.C. No. CV–98–00228–ECR.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2002.*

Decided Nov. 13, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before HAWKINS, GRABER, and RICHARD C. TALLMAN, Circuit Judges.

## MEMORANDUM **

Petitioner Terry L. Hines appeals the district court's dismissal of his petition for a writ of habeas corpus. On de novo review, we affirm.

Petitioner first argues that prosecutorial misconduct deprived him of his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process.

- With respect to the prosecutor's remarks about defense counsel, the Nevada Supreme Court held that, although some of the remarks were improper, Petitioner suffered no prejudice in view of the extensive evidence of guilt. That court's decision was not contrary to, nor did it involve an unreasonable application of, clearly established federal law as explained by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the record. 28 U.S.C. § 2254(d).

- The prosecutor's reference to certain witnesses as "trained" and "professional" was not improper vouching because those descriptions were supported by evidence and do not, by themselves, suggest that there was unknown evidence supporting the prosecution's case. Nor did the prosecutor's references suggest that the prosecutor personally believed the witnesses. The description of another witness as "confident," even if improper, did not rise to the level of constitutional error under *Darden v. Wainwright*, 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986).

Petitioner's other argument is that he received ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

- Petitioner has not demonstrated that the potential conflict of interest under which his first lawyer labored prejudiced him. His third lawyer actually tried the case after having six months to prepare, and Petitioner has not shown that the first lawyer's mere inaction affected the trial adversely.

- Petitioner's third lawyer did not perform deficiently. The evidence that should have been developed, according to Petitioner, was marginally relevant at best. The third lawyer adequately advanced the theory that someone else was the killer by, among other things, presenting witness Green and vigorously cross-examining witness Barnett.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.